| | |
|---|---|
| TRACY LE TAYLOR,<br>CDCR #E-13981,<br><br>                        Plaintiff,<br><br>vs.<br><br><br>SHERYL ANDERSON; T. BOREM;<br>CHARLES RICHEY;<br><br>                        Defendants. | Civil No.   13cv0742 CAB (RBB)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO PARTIAL FILING FEE, GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [ECF No. 2];**<br><br>**(2) DENYING MOTION FOR APPOINTMENT OF COUNSEL [ECF No. 3]**<br><br>**AND**<br><br>**(3)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) &  28 U.S.C. § 1915(d)** |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

Tracy Taylor ("Plaintiff"), a state prisoner currently incarcerated at California State Prison - Los Angeles County, located in Lancaster, California, and proceeding pro se, has submitted a civil action pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2], along with a Motion for Appointment of Counsel [ECF No. 3].

### I. MOTION TO PROCEED IFP [ECF NO. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, prisoners granted leave to proceed IFP remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fee mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

### II. MOTION FOR APPOINTMENT OF COUNSEL [ECF NO. 3]

Plaintiff also requests the appointment of counsel to assist him in prosecuting this civil action. The Constitution provides no right to appointment of counsel in a civil case, unless an indigent litigant may lose his physical liberty if he loses the litigation. *Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981). Nonetheless, under 28 U.S.C. § 1915(e)(1), district courts are granted discretion to appoint counsel for indigent persons. This discretion may be exercised only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both the 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

1       The Court denies Plaintiff's request without prejudice, as neither the interests of justice
2 nor exceptional circumstances warrant appointment of counsel at this time. *LaMere v. Risley*,
3 827 F.2d 622, 626 (9th Cir. 1987); *Terrell*, 935 F.2d at 1017.

### III.   INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1)

5       Notwithstanding IFP status or the payment of any partial filing fee, the Court must subject
6 each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order
7 the sua sponte dismissal of any case it finds "frivolous, malicious, failing to state a claim upon
8 which relief may be granted, or seeking monetary relief from a defendant immune from such
9 relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en
10 banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte
11 dismiss an *in forma pauperis* complaint that fails to state a claim).

12       "[W]hen determining whether a complaint states a claim, a court must accept as true all
13 allegations of material fact and must construe those facts in the light most favorable to the
14 plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). In addition, the Court has a duty
15 to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839
16 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v.*
17 *Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

18       The Court finds that Plaintiff's Complaint is sufficiently pleaded to survive the sua
19 sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Therefore, the Court will
20 direct U.S. Marshal service on his behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d)
21 ("The officers of the court shall issue and serve all process, and perform all duties in [IFP]
22 cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States
23 marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28
24 U.S.C. § 1915."). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal
25 procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that
26 [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal.
27 2007).

28 / /

### IV. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is **GRANTED**.

2. The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is directed to serve a copy of this Order on Jeffrey Beard, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Motion for Appointment of Counsel [ECF No. 3] is **DENIED** without prejudice.

5. The Clerk shall issue a summons as to Plaintiff's Complaint [ECF No. 1] upon the Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of his Complaint and the summons for purposes of serving the Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return it to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S. Marshal shall serve a copy of the Complaint and summons upon the Defendants as directed by Plaintiff on the USM Form 285. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

/ / /

1       6.     Plaintiff shall serve upon the Defendants or, if appearance has been entered by
2 counsel, upon Defendants' counsel, a copy of every further pleading or other document
3 submitted for consideration of the Court. Plaintiff shall include with the original paper to be
4 filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy
5 of any document was served on the Defendants, or counsel for Defendants, and the date of
6 service. Any paper received by the Court which has not been filed with the Clerk or which fails
7 to include a Certificate of Service will be disregarded.

8       **IT IS SO ORDERED.**

10 DATED: April 4, 2013

_____
**CATHY ANN BENCIVENGO**
United States District Judge